**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JEAN L. THOMAS BRUCE, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | Civil Action No. 3:13-CV-3019-M-BH |
| | § | |
| **NATIONSTAR MORTGAGE formerly** | § | |
| **known as Centex Home Equity,** | § | |
| | § | |
| **Defendant.** | § | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the Special Order No. 3-251, this case was automatically referred for pretrial management.  Before the Court for recommendation is *Defendant's Motion to Dismiss and Brief in Support*, filed September 16, 2013 (doc. 9).  Based on the relevant filings and applicable law, the motion should be **GRANTED**, and Plaintiffs' FDCPA and ordinary negligence claims should be dismissed.

## I.  BACKGROUND

This action involves the attempted foreclosure of real property located at 308 E. Wheatland Road Dallas, Texas 75241 (the Property).  (Orig. Compl. (doc. 3) at 1.)[1]  On August 2, 2013, Jean L. Thomas Bruce and Lemuriel M. Bruce (Plaintiffs) filed this *pro se* suit against Nationstar Mortgage LLC f/k/a Centex Home Equity Company, LLC (Defendant).  (*Id.*)

Plaintiffs obtained a home equity loan from Defendant and executed a deed of trust in its favor to secure the loan on February 22, 2005.  (*See id.* at 3.)  The deed of trust was allegedly recorded with the Dallas County Clerk's office that same day.  (*Id.*)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiffs contend that on July 11, 2013, Defendant mailed them a form titled "Application for Expedited Order Allowing Foreclosure," which was "a demand for payment" of $5,022.11. (*Id.*) They challenge Defendant's authority to collect the debt and foreclose on the Property. (*Id.* at 4–6.) They claim Defendant must show that it is the "proper holder of the alleged obligation" or the holder's authorized agent to prove its authority. (*Id.*) According to the complaint, Defendant's "dunning letter" required Plaintiffs to pay "a lump sum of money," but Defendant "failed to prove [] the existence of [the] debt." (*Id.* at 9.) Accordingly, they demand "strict verified proof" of numerous conditions, including that they "entered into a legal and binding contract with Defendant that would establish the alleged debt." (*Id.* at 8–9.) They claim Defendant "violated the Federal Debt Collection Practices Act" (FDCPA) "by using false, deceptive, and misleading representations or means" to collect the debt, by "misrepresenting the character, amount, and legal status of the debt," and by "threatening to take action against Plaintiff that could not legally be taken." (*Id.* at 7.)

Plaintiffs also assert that the demand notice constituted a "presentment" of a negotiable instrument pursuant to § 3-501 of the Texas Uniform Commercial Code (UCC). (*Id.* at 14.) Defendant was allegedly negligent in attempting to collect a debt without authority, and it engaged in a fraudulent and negligent scheme to "collect monies" from Plaintiffs that they did not owe. (*Id.* at 15.) They "may not, in good faith, respond with payment." (*Id.*) They claim to have suffered "severe emotional [di]stress" at the threat of foreclosure if they did not pay the money extorted by Defendant. (*Id.* at 8.)

The complaint expressly lists claims for ordinary negligence and violations of the FDCPA. (*Id.* at 9–10.) Plaintiffs' allegations also implicate causes of action for negligence *per se*, negligent

misrepresentation, fraud, and suit to quiet title. (*See id.* at 7, 10.) They seek money damages, declaratory judgment, pre- and post-judgment interest, and attorney's fees. (*Id.* at 10–11.)

On August 2, 2013, Plaintiffs filed a "motion for [a] preliminary injunction" to enjoin Defendant from foreclosing on the Property, which the Court denied a few days later. (docs. 4, 7.) Defendant moved to dismiss Plaintiffs' complaint on September 16, 2013. (doc. 9.) With a timely-filed response (doc. 11), the motion is now ripe for recommendation.

## II. RULE 12(b)(6) MOTION

Defendant moves to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 9.)

## A.   Legal Standard

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged]

facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary

judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003).  It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Plaintiffs inserted into the body of their complaint what appears to be an excerpt from the deed of trust they executed on February 22, 2005.  (doc. 3 at 3–4.)  Because this document is considered part of the pleadings, conversion of the motion to dismiss into a motion for summary judgment is unnecessary.  *See Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Norris*, 500 F.3d at 461 n. 9.

**B.   FDCPA**

Defendant first seeks dismissal of Plaintiffs' claims under the FDCPA on grounds that the claims fail "as a matter of law" because Defendant "is not a 'debt collector' as that term is defined in the statute."  (doc. 9 at 3.)

Plaintiffs assert claims against Defendant under § 1692e(2)(A) for using a "false, deceptive, or misleading representation or means in connection with the collection of [their] debt" and

misrepresenting "the character, amount, or legal status of [their] debt"; §1692e(5) for "threat[ening] to take [an] action that [could not] legally be taken or that [was] not intended to be taken"; § 1692f for using "unfair or unconscionable means to collect or attempt to collect [their] debt" and making "direct, indirect, and [in]valid threats of dire consequences to [them] if [they] failed to pay the alleged debt"; and § 1692g(b) for Defendant's purported failure to validate the debt.  (*See* doc. 3 at 4, 9.)

The purpose of the FDCPA is "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Peter v. GC Servs. L.P.*, 310 F.3d 344, 351–52 (5th Cir. 2002) (citation omitted); *see also* 15 U.S.C. § 1692(e); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608 (2010).  Among other things, the FDCPA prohibits a debt collector from making "false, deceptive, and misleading misrepresentations in connection with debt collection" and from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §§ 1962e, 1962f.  The Act also requires a debt collector, within five days after its "initial communication with a consumer in connection with the collection of any debt," to provide the consumer with certain disclosures concerning her rights to dispute the debt or request validation of the debt.  *Id.* § 1692g(a).  If the consumer disputes or requests validation of the debt, the debt collector must "cease collection of the debt ... until the [requested information] is mailed to the consumer."  *Id.* § 1692g(b).

The Act defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted

to be owed or due another." *Id.* § 1692a(6).  There are two categories of debt collectors:  those who collect debts as the "principal purpose" of their business, and those who collect debts "regularly." *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008).  Notably, the Act exempts from this definition "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt *which was originated by such person.*" 15 U.S.C. § 1692g(a)(6)(F) (emphasis added).  Pursuant to this exception, courts have concluded that "[t]he term 'debt collector' does not include lenders[,] . . . the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Gipson v. JPMorgan Chase*, No. 3:13-CV-2477-L, 2013 WL 3746003, at *2 (N.D. Tex. July 17, 2013) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208, *modified on reh'g on other grounds*, 761 F.2d 237 (5th Cir. 1985)).

Here, Plaintiffs assert that on July 11, 2013, Defendant mailed them a "dunning letter" demanding payment of $5,022.11. (doc. 3 at 3.)  Defendant allegedly "claimed to be an agent of the bona fide holder" of a promissory note secured by a deed of trust.  (*Id.* at 3.)  They challenge Defendant's authority to collect the debt and foreclose on the Property, and they "demand" that Defendant produce "strict proof" of its authority, such as a valid contract between them and Defendant or documents showing that Defendant is the "true and singular holder of [the] debt instrument."  (*Id.* at 7–8.)  Plaintiffs fail to allege or assert any facts raising a reasonable inference that Defendant collects debts as the "principal purpose" of its business or that it collects debts "regularly."  *See Hester*, 289 F. App'x at 41.  Moreover, the excerpt from the deed of trust inserted into the complaint identifies Defendant as the "lender," thereby indicating that Defendant "originated" the home equity loan in question. *See* 15 U.S.C. § 1692g(a)(6)(F).  Notably, although

Plaintiffs allege that Defendant demanded payment, they do not assert, and nothing in the pleadings indicates, that the underlying debt was in default at the time that Defendant acquired it. *See Gipson*, 2013 WL 3746003, at *2.

Without sufficient facts in support, Plaintiffs' allegations fail to raise a reasonable inference that Defendant was a debt collector for purposes of the FDCPA. Accordingly, their FDCPA claims fail to meet the applicable pleading standards and should be dismissed. *See Garcia v. Jenkins/Babb LLP*, No. 3:11–CV–3171–N–BH, 2012 WL 3847362, at *6–7 (N.D. Tex. July 31, 2012), *rec. adopted*, 2012 WL 3846539 (N.D. Tex. Sept.5, 2012) (dismissing FDCPA claims after finding that the plaintiffs' recitation of the statutory language, without any facts in support, was insufficient to plausibly allege that the defendants were "debt collectors" under the Act); *see also Iqbal*, 556 U.S. at 678 (to state a claim, a plaintiff must plead sufficient facts to make the claim "plausible on its face"); *Guidry*, 954 F.2d at 281 (well-pleaded facts are needed to avoid dismissal).

## C.   <u>Ordinary Negligence</u>

According to Defendant, Plaintiffs' claim for ordinary negligence is based on their assertions that Defendant was a debt collector, and that it misrepresented its authority to collect the debt. (doc. 9 at 1, 4–5.) It argues that the claim is not plausible on its face and fails "as a matter of law" because Plaintiffs have failed to assert any facts indicating that Defendant is a debt collector or that it made a misrepresentation about its authority to collect the debt. (*Id.* at 4–5.)

The elements of a negligence cause of action in Texas are: (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by that breach. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540–41 (5th Cir. 2005) (citing *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)). The defendant's breach is the

"proximate cause" of the plaintiff's harm when it is a "cause in fact" of the harm and "a reasonable prudent person should have known of the anticipated danger created by [breach]." *Allison v. J.P. Morgan Chase Bank, N.A.*, No. 1:11-CV-342, 2012 WL 4633177, at *13 (E.D. Tex. Oct. 2, 2012); *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 774–75 (Tex. 2010).

Plaintiffs assert that Defendant engaged in a "negligence scheme to collect monies not owed to Defendant." (doc. 3 at 7.)  "Defendant failed to exercise due diligence concerning [it's] standing to collect the [] debt," and was negligent in sending them the default notice even though it "knew, or should have known" that it lacked authority to do so.  (*Id.* at 7, 10.)  They claim Defendant's conduct "harmed" them and "result[ed] in [a] civil tort."  (*Id.*)  First, their allegations that Defendant was negligent and executed a negligent scheme are legal conclusions not entitled to a presumption of truth.  *See Iqbal*, 556 U.S. at 678.  As discussed, their complaint fails to raise a reasonable inference that Defendant was a debt collector under the FDCPA.  Even if Defendant was attempting to collect on a loan that it seems to have originated, as indicated by Plaintiffs' own complaint, their failure to allege that Defendant owed them a duty of care and breached that duty is fatal to their negligence claim.  Lastly, they also fail to assert any facts showing their damages and even contend that they will "not respond with payment" until they confirm Defendant's authority to collect the debt.  (*Id.* at 4.)  Plaintiffs' negligence claim is not plausible on its face and should be dismissed for failure to state a claim.  *See Thompson v. Hughes, Watters & Askanase, LLP*, No. 3:13-CV-0429-G BH, 2013 WL 4441979, at *9 (N.D. Tex. Aug. 20, 2013) (dismissing as "factually unsupported" the plaintiff's negligence claim that was based on nearly identical allegations as Plaintiffs' claim in this case).

### III.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted.  *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001).  Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order.  *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.  A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal.  *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at * 1.  Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint.  *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995).  Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Plaintiffs have not amended their complaint since filing this action.  Their express claims for violations of the FDCPA and ordinary negligence fail because they are factually unsupported.  Since it does not appear that they have stated their best case to the Court with respect to these claims, they

should be accorded an opportunity to amend the complaint to sufficiently state a claim for relief.[2]

## IV.  RECOMMENDATION

If Plaintiffs do not file an amended complaint that states a claim for relief within the 14 days allowed for objections to this recommendation, or a deadline otherwise set by the Court, Defendant's motion to dismiss should be **GRANTED**, Plaintiffs' FDCPA and ordinary negligence claims addressed in Defendant's motion should be dismissed with prejudice, and their remaining claims for negligence *per se*, negligent misrepresentation, common law fraud, and suit to quiet title should be allowed to proceed to trial. If Plaintiffs timely file an amended complaint, however, Defendant's motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SO RECOMMENDED** on this 20th day of May, 2014.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] The complaint could also be liberally construed as asserting claims for negligence *per se*, negligent misrepresentation, common law fraud, and suit to quiet title.  (*See* doc. 3 at 3 ("Defendant subjected Plaintiff[s] to a fraud [] scheme . . . ."); 7 (Defendant made "it impossible for [Plaintiffs] . . . to ever achie[ve] quiet title at [the] completion of the contract."); 10 ("Plaintiff[s] pray[] for . . . quiet title as to the above referenced claims by Defendant."); ("Defendant, [] falsely demand[ed] payment from Plaintiff[s] . . . which resulted in the civil tort . . . [of] negligence *per se*."), ("Defendant made a false representation to Plaintiff[s] demanding payment on a debt," but "Defendant knew, or should have known that said demand was made without" authority. . . .).)  Defendant's motion to dismiss does not address these claims.  (*See* doc. 9 at 1) ("Plaintiffs assert a cause of action under the [FDCPA] and a related cause of action for negligence.").

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

12