IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JEAN L. THOMAS BRUCE, et al.,** § | |
| § | |
| **Plaintiffs,** § | |
| v. § | Civil Action No. 3:13-CV-3019-M-BH |
| § | |
| **NATIONSTAR MORTGAGE formerly** § | |
| **known as Centex Home Equity,** § | |
| § | |
| **Defendant.** § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for pretrial management. Before the Court for recommendation is *Defendant's Second Motion to Dismiss and Brief in Support*, filed June 24, 2014 (doc. 15). Based on the relevant filings and applicable law, the motion should be **GRANTED**, and the plaintiffs' remaining claims for negligence *per se*, negligent misrepresentation, common law fraud, and suit to quiet title should be dismissed.

**I. BACKGROUND**

This action involves the attempted foreclosure of real property located at 308 E. Wheatland Road Dallas, Texas 75241 (the Property). (Orig. Compl. (doc. 3) at 1.)[1] On August 2, 2013, Jean L. Thomas Bruce and Lemuriel M. Bruce (Plaintiffs) filed this *pro se* suit against Nationstar Mortgage LLC f/k/a Centex Home Equity Company, LLC (Defendant). (*Id.*)

Plaintiffs contend that Defendant claims to be the agent of the holder of their home equity loan pursuant to a home equity deed of trust dated February 22, 2005 and recorded with the Dallas County Clerk's office. (*Id.* at 2-3.) On July 11, 2013, Defendant mailed them a form titled

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

"Application for Expedited Order Allowing Foreclosure," which was "a demand for payment" of $5,022.11. (*Id.*)  Plaintiffs claim that Defendant also sent them a "dunning letter" requiring them to pay "a lump sum of money," but it "failed to prove [] the existence of [the] debt." (*Id.* at 9.)  They assert that they are prosecuting this action in order to determine the real party in interest, and that Defendant must show that it is the "proper holder of the alleged obligation" or the holder's authorized agent to prove its authority. (*Id.*)

Plaintiffs' complaint expressly asserted claims for violation of the Federal Debt Collection Practices Act (FDCPA) and for ordinary negligence. (*Id.* at 9-10.)  On June 10, 2014, the Court dismissed these claims for failure to state a claim but found that liberally construed, the complaint also stated causes of action for negligence *per se*, negligent misrepresentation, fraud, and suit to quiet title. (*See* docs. 12, 14.)  The complaint alleges that Defendant subjected Plaintiffs to a "fraud and/or negligence scheme to collect monies not owed" to it, and the scheme deprived them of achieving quiet title to their property "at the completion of their contract." (*Id.* at 7.)  It also contends that Defendant made a false representation to them by "demanding payment on a debt", and that "[b]y falsely demanding payment from Plaintiff[s] when Defendant lacked standing and/or capacity to make such a demand," Defendant engaged in an act of "criminal fraud and/or negligence" that resulted in negligence *per se.* (*Id.* at 10.)  They seek "judgment against the Defendant ... [f]or quiet title" as well as money damages, declaratory judgment, pre- and post-judgment interest, and attorney's fees. (*Id.* at 10–11.)

Defendant filed a motion to dismiss Plaintiff's remaining claims against it on June 24, 2014. (doc. 15.)  With a timely-filed response[2] (doc. 17), the motion is now ripe for recommendation.

---

[2] On July 11, 2014, Plaintiffs filed a letter to the Court "in response of the case." (doc. 17.)  This letter is construed as a response to the motion to dismiss.

## II. MOTION TO DISMISS

Defendant moves to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 15.)

**A.** **Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*,

550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and

4

are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Plaintiffs inserted into the body of their complaint what appears to be an excerpt from the deed of trust they executed on February 22, 2005. (doc. 3 at 3–4.) Because this document is considered part of the pleadings, consideration of it does not require conversion of the motion to dismiss into a motion for summary judgment. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Norris*, 500 F.3d at 461 n. 9.

**B.** **Defendant's Authority to Collect on the Note and Foreclose on the Property**

Defendant bases its motion to dismiss Plaintiffs' remaining claims solely on its contention that they are all based on their underlying assertion that Defendant is not entitled to collect on the loan. (doc. 15 at 3.) Defendant argues that these claims should be dismissed because the allegations in the complaint conclusively show that Defendant is entitled to collect on the loan. (*Id*. at 4.)

Based on the excerpt of the deed of trust and their own representations in the complaint, it appears that Defendant, as the successor-in-interest to Centex Home Equity, is the lender of Plaintiff's loan. As the lender, it is authorized to collect on the note and entitled to foreclose under the deed of trust. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013); *Garnica v. Argent Mortg. Co., LLC*, No. 4:13-cv-2331, 2014 WL 1338703, at *4 (S.D.Tex. Mar. 27, 2013); *Young v. Bank of America, N.A.*, No. 4:13-cv-2489, 2014 WL 4202491, at *6 (S.D.Tex. Aug. 19, 2013). Plaintiffs' allegations therefore fail to raise a reasonable inference that

Defendant is not authorized to collect on the note or foreclose on the Property. To the extent that their claims are based on the contention that Defendant is not entitled to collect on the loan, the claims should be dismissed.

**C.     Negligence *Per Se***

"Negligence *per se* applies when the courts have determined that the violation of a particular statute is negligence as a matter of law." *Allison v. J.P. Morgan Chase Bank, N.A.*, No. 1:11-cv-342, 2012 WL 4633177, at *13 (E.D. Tex. Oct. 2, 2012) (citation omitted); *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997). "In such a case, ... [t]he statute itself" provides the standard of care by "stat[ing] what a reasonable, prudent person would have done." *Jackson v. Tae Jin Kim*, No. 2:02-CV-200, 2004 WL 6040969, at *3 (E.D. Tex. Sept. 27, 2004) (citation omitted). Unless an excuse is raised, "the only inquiry ... is whether the defendant violated the statute ... and, if so, whether the violation was a proximate cause of the [plaintiff's injury]." *Id.* Notably, courts are "not required to find negligence *per se* from a violation of a federal statute, particularly where the violation would not give rise to liability under state common law." *Hackett v. G.D. Searle & Co.*, 246 F. Supp. 2d 591, 594 (W.D. Tex. 2002) (citing *Johnson v. Sawyer*, 47 F.3d 716, 728–29 (5th Cir. 1995) (en banc)). Because "[d]uties set forth in [the] *federal law* do not ... automatically create duties cognizable under *local tort law*," "[t]he pertinent question is whether the duties set forth in the federal law are analogous to those set forth in local tort law." *Johnson*, 47 F.3d at 729 (citing with approval *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1158 (D.C. Cir. 1985)) (emphasis in *Johnson*).

Here, Plaintiffs essentially contend that Defendant committed negligence *per se* "by attempting to collect a debt" even though it "failed to [provide] the *statutorily* required validation

6

of [the] debt." (doc. 3 at 15) (emphasis added). The Court has already found that their allegations fail to raise a plausible claim that Defendant was a debt collector and was therefore required to validate the debt under § 1692g(b) of the FDCPA.[3] (*See* docs. 12, 14.) Moreover, any violation of § 1692g(b) would not automatically entitle them to relief since they have not identified a specific "duty" to validate a debt under Texas law that is "analogous" to § 1692g(b) of the FDCPA. *See Johnson*, 47 F.3d at 729. Finally, it is not clear that the negligence *per se* doctrine applies to violations of the FDCPA. *See Jackson*, 2004 WL 6040969, at *3 ("declin[ing] to create a new cause of action" for negligence *per se* based on violations of 23 C.F.R. § 625 et seq. in part because the plaintiff did not provide any grounds for doing so). Any negligence *per se* claim fails and is subject to dismissal.

D.   **Negligent Misrepresentation**

A claim for negligent misrepresentation under Texas law consists of four elements: (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 762 (N.D. Tex. 2012) (citing *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395–96 (5th Cir. 2005)).

---

[3] Section 1692g(b) of the FDCPA requires a debt collector, within five days after its "initial communication with a consumer in connection with the collection of any debt," to provide the consumer with certain disclosures, including her right to dispute or request validation of the debt. *See* 15 U.S.C.§ 1692g(a). If the consumer disputes or requests validation of the debt in writing within 30 days after receiving the debt collector's initial communication, the debt collector must cease its collection activities until it obtains verification or provides the consumer with the information required under § 1692g(a)(3)–(5). *Id.* §1692g(b).

Plaintiffs allege that "Defendant made a false representation [by] demanding payment on a debt" although it "knew or should have known that said demand was made without ... standing and/or capacity on the part of Defendant's principal." (doc. 3 at 10.) "Defendant intended that Plaintiff[s] accept the representation of Defendant as true." (*Id*.) Plaintiffs contend that they were subjected to stress and harm by being forced to "take action to establish the agency, standing and capacity" of Defendant's demand. (*Id*.) Notably, they fail to allege that they justifiably relied on the alleged misrepresentation, or that they suffered any pecuniary loss as a result. (*See id*. at 15.) Any claim for negligent misrepresentation is factually unsupported and should be dismissed for failure to state a claim. *See Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 734–35 (N.D. Tex. 2011) (dismissing negligent misrepresentation claim for failure to state a claim; finding that the plaintiffs' allegations that the defendant "made false representations" were vague and conclusory and they "failed to plead sufficient facts to show that they relied on these representations to their detriment ... [and] [did] not make allegations of [suffering] pecuniary loss").

### E. Common Law Fraud

In Texas, the elements of common-law fraud are: (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032–33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)).

Plaintiffs claim that Defendant's "dunning letter" demanding payment was fraudulent because it had no authority to make the demands or "collect monies not owed to Defendant." (doc. 3 at 7, 9.) Defendant intended that Plaintiffs "accept" its misrepresentations "as true", "Plaintiff [s] believed Defendant[,] and [were] harmed thereby." (*Id.* at 10.) They suffered "severe emotional stress" as a result. (*Id.* at 8.)

As discussed, Plaintiffs fail to raise a reasonable inference that Defendant is not authorized to collect on the note or foreclose on the Property. According to the deed of trust and Plaintiffs' representations, Defendant, as the successor-in-interest to Centex Home Equity, is the lender of their loan. Plaintiffs do not allege facts sufficient to show that Defendant made a false representation to them. Nor have they sufficiently pled that the representation was material, that Defendant knew it was false or made the representation recklessly and without knowledge of its truth, or that they relied on the representation. Accordingly, any fraud claim should be dismissed under Rule 12(b)(6) for failure to state a claim.

**F.     Suit to Quiet Title**

A suit to quiet title, also known as a claim to remove cloud from title, "relies on the invalidity of the defendant's claim to property." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). This suit "enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.) (citation and internal quotation marks omitted). To prevail, a plaintiff must show that: (1) he has an interest in a specific property; (2) his title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Hurd*, 880 F. Supp. 2d at 766 (citing *U.S.*

*Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.)). The plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Id.* at 766–67 (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)). Notably, the plaintiff must prove and recover on the strength of his own title, not on the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.).

Plaintiffs contend that Defendant's conduct prevented them from "achieving quiet title at [the] completion of the contract." (doc. 3 at 7.) In the "prayer" section, they pray "for judgment against the Defendant ... [f]or quiet title." (*Id.* at 10.) They fail to allege sufficient facts to state a plausible claim for relief, however. The only allegations in the complaint that relate to a quiet title cause of action are their contentions that they own the Property, and that it is their primary place of residence. (*See id.* at 4, 8-9.) Because these allegations fail to raise a reasonable inference that Plaintiffs have superior title to the Property vis-a-vis Defendant, or that Defendant has asserted a claim against the Property that is invalid or unenforceable, they fail to state a plausible claim for relief. *See Fricks*. 45 S.W.3d at 327. Accordingly, any quiet title claim should also be dismissed.[4]

### III. NEW ALLEGATIONS

Plaintiffs allege for the first time in their response that Defendant declined to give them a modification of their loan. (doc. 17 at 1.) According to Plaintiffs, their mortgage payment of

---

[4] To the extent that Defendant did not move to dismiss Plaintiffs' claims on all the bases discussed herein, a court may sua sponte dismiss a claim as long as the plaintiff has notice of the court's intention and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The fourteen-day time frame for filing objections to a recommended dismissal provides the required notice and opportunity to respond. *See Ratcliff v. Coker*, No. 9:08cv127, 2008 WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008).

$1,242 is too high for them because their finances were "affected" when one of them became disabled. (*Id.*) They allege that their mortgage does not qualify for national modification programs because they owe less than $100,000, and they have a 8.5% interest rate. (*Id.*) They contend that they asked Defendant to lower their interest rate, but Defendant refused to work with them to lower their mortgage payment. (*Id.*)

Even if liberally construed as an amendment to their complaint,[5] Plaintiffs fail to set forth the elements of any cause of action or allege any facts to support a cause of action against Defendant. They simply allege that Defendant refused to modify their loan or lower their interest rate and mortgage payment, but they fail to allege facts to show Defendant was required to do so. Their bare-bone allegations are not sufficient to state a plausible claim. *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'")(citing *Twombly*, 550 U.S. at 570.) To the extent any new claims are asserted in their response, they are also subject to dismissal for failure to state a claim.

### III. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro*

---

[5] Plaintiffs' new allegations in their response are not part of the pleadings to be considered for purposes of the motion to dismiss. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *see also Cutrera v. Board of Supervisors,* 429 F.3d 108, 113 (5th Cir.2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court), citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir.1990). They have not sought or been granted leave to amend their petition to add these allegations, and they have not shown that Defendant consented to an amendment. *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, the *pro se* response may be liberally construed as a request for leave to amend their complaint. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir.1992) (deciding that a response to a motion to dismiss, in which plaintiff first alleged that she had been willfully discriminated against, should be treated as a motion to amend her pleadings).

*se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at * 1. Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiffs have not amended their complaint since filing this action. It does not appear that they have not alleged their best case to the Court with respect to the remaining claims, and they should therefore be accorded an opportunity to amend the complaint to sufficiently state a claim for relief.

## IV. RECOMMENDATION

If Plaintiffs do not file an amended complaint that states a claim for relief within the 14 days allowed for objections to this recommendation, or a deadline otherwise set by the Court, Defendant's

second motion to dismiss should be **GRANTED**, and Plaintiffs' remaining claims for negligence *per se*, negligent misrepresentation, common law fraud, and suit to quiet title should be dismissed with prejudice. If Plaintiffs timely file an amended complaint, however, Defendant's second motion to dismiss should be **DENIED as moot**, and the action should be allowed to proceed on the amended complaint.

**SO RECOMMENDED** on this 13th day of January, 2015.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

13